UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Chester W. Nosal**<br>**Natascha D. Nosal**<br>679 Hermitage Circle<br>Palm Beach Gardens, FL 33410<br><br>   *Requestor-Plaintiffs*,<br><br>   v.<br><br>**Steven Mnuchin, Secretary**<br>**U.S. Department of Treasury**<br>1500 Pennsylvania Avenue NW<br>Washington, DC  20220<br><br>   *Respondent Agency-Defendant*. | May 10, 2019<br><br>Case No.  19-cv-1359 |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF TO OBTAIN RECORDS UNDER THE FREEDOM OF INFORMATION ACT

1. This is action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure of agency records pertaining to Plaintiffs, Chester M. Nosal and Natascha Nosal ("Nosal" or "Nosals" or "requesters"), improperly withheld from them by the U.S. Department of Treasury's Internal Revenue Service ("IRS" or "agency").

## I. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in the district under 5 U.S.C. § 552(a)(4)(B).

## II. PARTIES

3. Plaintiffs are U.S. Citizens and residents of Palm Beach Gardens, Florida.

4. Defendant is a Federal Agency within the meaning of 5 U.S.C. § 552(f).

### III. STATEMENT OF FACTS

5. On January 23, 2019, the Nosals submitted a FOIA request to the IRS requesting a large number of records believed to be in the possession of the IRS, and offered to pay copying costs up to $2,000.00 (Two Thousand Dollars) without further authorization. These records concern the whistle-blower claims made against the Nosals. The request also included affidavits by both plaintiffs asserting that they were seeking information regarding their own tax records. (Attachment A.)

6. The following records were requested:

    a. <u>Whistle-blower Claim</u>: Whistle-blower claims and Form 211s related to alleged violations of the tax law by Chester W. Nosal, Taxpayer Identification No. XXX-XX-5865; and/or Natascha Nosal (f/k/a Natascha Danielle Fasnakis), Taxpayer Identification No. XXX-XX-7266.

    b. <u>1099 Forms</u>: 1099s filed with the IRS for years 2000-2006 allegedly reporting alleged income by Chester W. Nosal from Capacitive Deionization Technology Systems, Inc.

    c. <u>2017 IRS Investigation</u>: IRS Tax Audit Investigation initiated on or about January 3, 2017, concerning the Taxpayer's Form 1040 (December 31, 2015).

7. On February 25, 2019, the IRS wrote the Nosals' attorney a letter stating the letter was the IRS's final response to the FOIA request; that the requested records "to the extent that they exist, would be confidential and may not be disclosed unless specifically authorized by law"; and that the request was incomplete as it did not include the documentation required when requesting

"records pertaining to other persons or businesses."  No records were released, and the request was closed "as imperfect."  Plaintiffs were given separate directions regarding requesting the 1099 Forms.  (Attachment B.)

      8.  On April 5, 2019, the Nosals appealed administratively, challenging "both the search as being not adequate and that the withholdings violate" FOIA.  (Attachment C.)

      9.  On April 17, 2019, the IRS confirmed that it had received the Nosals' appeal on April 8, 2019, and that the Nosals could seek judicial review if no response had been received after 20 business days.  (Attachment D.)  No response has been received to date as of May 10, 2019.

## IV. DISCUSSION

### A. Inadequate Basis for Closing Request

      10.  The IRS closed the Nosals' FOIA request, citing to 26 C.F.R. §§ 601.702(c)(4)(i)(E) ("In the case of a request for records the disclosure of which is limited by statute or regulations . . . , establish the identity and the right of the person making the request to the disclosure of the records in accordance with paragraph (c)(5)(iii) of this section") and (c)(5)(iii)(C) ("In the case of an attorney-in-fact, or other person requesting records on behalf of or pertaining to other persons, the requester shall furnish a properly executed power of attorney, Privacy Act consent, or tax information authorization, as appropriate. . .").

      11.  The requested documents involved the Plaintiffs themselves, and the attorney who filed the paperwork for Plaintiffs was authorized to do so.

      12.  Accordingly, the basis for closing the FOIA request was inadequate.

### B. Inadequate Search

13. The February 25, 2019, letter also makes clear that the IRS did not conduct any search for the requested documents.

14. To achieve FOIA's core purpose of disclosure, an agency must perform an adequate and good faith search for responsive records.  *See Ancient Coin Collectors Guild v. U.S. Dep't of State,* 641 F.3d 504, 514 (D.C. Cir. 2011), and *Founding Church of Scientology v. NSA,* 610 F.2d 824, 837 (D.C. Cir. 1979).

15. Furthermore, even if some records were properly withheld, the IRS failed to carry its burden to show that none of the documents could be segregated from properly withheld document(s), and disclosed.  *See Payne Enterprises, Inc. v. U.S.,* 837 F. 2d 486 (D.C. Cir. 1988).

### V. RELIEF REQUESTED

16. Wherefore, Plaintiff prays that this Court:

    A. Order Defendant to disclose the requested records in their entirety and make copies available to Plaintiff.

    B. Provide for expeditious proceedings in this action.

    C. Award Plaintiffs their costs and reasonable attorneys fees incurred in this action.

    D. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

May 10, 2019

**KLIMASKI & ASSOCIATES, P.C.**

  /s/  *James R. Klimaski*
James R. Klimaski, #243543

KLIMASKI & ASSOCIATES, P.C.
1717 N Street NW – Suite 2
Washington, DC  20036-2827
202-296-5600      Fax 202-296-5601
Klimaski@Klimaskilaw.com

**Counsel to Chester M. Nosal and Natascha Nosal**